OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 89-1205 |
| of | : | |
| | : | MAY 22, 1990 |
| JOHN K. VAN DE KAMP | : | |
| Attorney General | : | |
| | : | |
| RODNEY O. LILYQUIST | : | |
| Deputy Attorney General | : | |
| | : | |

THE HONORABLE TRICE HARVEY, MEMBER OF THE CALIFORNIA ASSEMBLY, has requested an opinion on the following question:

May a city or county, as a condition of regulating and approving the creation of a subdivision, lawfully require the dedication of land improved for park and recreational purposes without credit being given to the subdivider for the value of the recreational improvements?

CONCLUSION

A city or county, as a condition of regulating and approving the creation of a subdivision, may not lawfully require the dedication of land improved for park and recreational purposes without credit being given to the subdivider for the value of the recreational improvements.

ANALYSIS

The Subdivision Map Act (Gov. Code, §§ 66410-66499.37)[1] establishes general criteria for land development planning in the creation of subdivisions throughout the state. Cities and counties are given authority under the legislation to regulate the design and improvement of divisions of land in their areas through a process of approving subdivision maps required to be filed by each subdivider. (§ 66411; *Santa Monica Pines, Ltd.* v. *Rent Control Board* (1984) 35 Cal.3d 858, 869; *South Central Coast Regional Com.* v. *Charles A. Pratt Construction Co.* (1982) 128 Cal.App.3d 830, 844-845; *Benny* v. *City of Alameda* (1980) 105 Cal.App.3d 1006, 1010-1011.)

We are informed that a county proposes to adopt an ordinance requiring, as a condition of regulating and approving the creation of a subdivision, the dedication of land or the

---

[1] All references hereafter to the Government Code are by section number only.

1.                                                                                      89-1205

payment of fees in lieu thereof for the purpose of creating parks and recreational facilities. The ordinance would require that the land be improved by the subdivider "without credit" as follows:

"The subdivider shall also, <u>without credit</u>, provide . . . grading, irrigation, landscaping, security lighting, parking, walks, restrooms, childrens' play areas, picnicking facilities and multi-use playfields/playcourts to a degree consistent with the average park within the county." (Emphasis added.)

The question presented for resolution is whether the county may lawfully impose without credit such a requirement in implementing the provisions of the Subdivision Map Act. We conclude that the withholding of credit would violate the express terms of section 66477.

Section 66477 provides:

"The legislative body of a city or county may, by ordinance, require the dedication of land or impose a requirement of the payment of fees in lieu thereof, or a combination of both, for park or recreational purposes as a condition to the approval of a tentative map or parcel map, provided that:

" . . . . . . . . . . . . . . . . . . . . . .

"(b) The ordinance includes definite standards for determining the proportion of a subdivision to be dedicated and the amount of any fee to be paid in lieu thereof. The amount of land dedicated or fees paid shall be based upon the residential density, which shall be determined on the basis of the approved or conditionally approved tentative map or parcel map and the average number of persons per household. . . . the dedication of land, or the payment of fees, or both, shall not exceed the proportionate amount necessary to provide three acres of park area per 1,000 persons residing within a subdivision subject to this section, . . .

" . . . . . . . . . . . . . . . . . . . . . .

"(c) The land, fees, or combination thereof are to be used only for the purpose of developing new or rehabilitating existing neighborhood or community park or recreational facilities to serve the subdivision.

" . . . . . . . . . . . . . . . . . . . . . .

"(e) The amount and location of land to be dedicated or the fees to be paid shall bear a reasonable relationship to the use of the park and recreational facilities by the future inhabitants of the subdivision.

"(f) The city, county, or other local public agency to which the land or fees are conveyed or paid shall develop a schedule specifying how, when, and where it will use the land or fees, or both, to develop park or recreational facilities to serve the residents of the subdivision. Any fees collected under the ordinance shall be committed within five years after the payment of such fees or the issuance of building permits on one-half of the lots created by the subdivision, whichever occurs later. If the fees are not committed, they, without any deductions, shall be distributed and paid to the then record owners of the subdivision in the same proportion that the size of their lot bears to the total area of all lots within the subdivision."

" . . . . . . . . . . . . . . . . . . . . . .

"(i) <u>If the subdivider provides park and recreational improvements to the dedicated land, the value of the improvements together with any equipment located thereon shall be a credit against the payment of fees or dedication of land required by the ordinance.</u>

" . . . . . . . . . . . . . . . . . . . . . . ."  (Emphasis added.)

Section 66477 places several restrictions upon cities and counties in requiring subdividers to furnish land or money for parks and recreational facilities.  The basic limitation is that the amount of land or fees must be based upon the number of residents expected in the subdivision.

While other provisions of the Subdivision Map Act allow cities and counties to require improvements for such purposes as streets, utilities, and drainage systems (see §§ 66411, 66419, 66485-66489; *South Central Coast Regional Com.* v. *Pratt Construction Co.*, *supra*, 128 Cal.App.3d 830, 845), section 66477 is unique in providing that if the subdivider makes improvements for parks or recreational facilities, the local government must grant "a credit against the payment of fees or dedication of land required by the ordinance." (§ 66477, subd. (i).)[2]

This distinction between recreational improvements and other types of subdivision improvements is critical for purposes of resolving the issue presented.  Improvement requirements imposed upon a subdivider for the benefit of the subdivision as a whole do not require credit being given, even though land that will be dedicated as a park may also benefit. On the other hand, the value of "park and recreational improvements" provided by a subdivider come within the provision for credit set forth in section 66477, subdivision (i).[3]

In *Norsco Enterprises* v. *City of Fremont* (1976) 54 Cal.App.3d 488, the court concluded that the predecessor statute of section 66477 authorized only unimproved real property to be dedicated for parks or recreational facilities and thus any fees paid in lieu thereof must be based upon the value of unimproved land.  (*Id.*, at p. 499.)  Since the *Norsco* decision, section 66477 has been amended (Stats. 1982, ch. 1467, § 1) to add subdivision (i) which expressly directs the granting of credit for any improvements made by a subdivider.

The proposed ordinance in question would require the subdivider to make the specified recreational improvements "without credit."  This condition would violate the express provision of subdivision (i) of the statute ["the value of the improvements . . . shall be a credit . . ."].  The term "shall" is mandatory.  (§ 14; *Camp* v. *Board of Supervisors* (1981) 123 Cal.App.3d 334, 348.)  If the credit is not given, the authority granted by section 66477 cannot be validly exercised.  (See 66 Ops.Cal.Atty.Gen. 120 (1983) [drainage fee may not be imposed under section 66483 without complying with the statutory conditions].)

---

[2]  Sections 66485-66489 require a subdivider to be reimbursed for the cost of "supplemental" improvements benefiting property not within the subdivision "in excess of the construction required for the subdivision" (§ 66486).

[3]  The type of recreational improvements furnished would be the subject of negotiation with and approval by the city or county.  Section 66477 does not give subdividers the authority to determine unilaterally the extent of the facilities for which credit must be given.

It is true that under the Constitution cities and counties may exercise broad police power authority with respect to land development. (*Associated Home Builders, et al.* v. *City of Walnut Creek* (1971) 4 Cal.3d 633, 644; *Trent Meredith, Inc.* v. *City of Oxnard* (1981) 114 Cal.App.3d 317, 325; *Mills* v. *County of Trinity* (1980) 108 Cal.App.3d 656, 662.) Section 7 of article XI of the Constitution provides: "A county or city may make and enforce within its limits all local, police, sanitary, and other ordinances and regulations not in conflict with general laws."

Section 66477, however, is part of the Subdivision Map Act and one of the "general laws" that effectively restricts the exercise of broad police power authority by cities and counties. "Local agencies may . . . adopt regulations involving matters covered by the Map Act, as long as they are not inconsistent with it. (*Friends of Lake Arrowhead* v. *Board of Supervisors* (1974) 38 Cal.App.3d 497, 505.)" (*Griffin Development Co.* v. *City of Oxnard* (1985) 39 Cal.3d 256, 261.) "[L]ocal ordinances which are inconsistent with the language and apparent intent of the Subdivision Map Act are invalid." (*Benny* v. *City of Alameda*, *supra*, 105 Cal.App.3d 1006, 1011.)[4]

Of course, a city or county has other means by which it may obtain land, improvements, and fees for parks and recreational facilities. (*Westfield-Palos Verdes Co.* v. *City of Rancho Palos Verdes* (1977) 73 Cal.App.3d 486, 497-498.) We address here only the manner in which local governments may impose conditions as part of their regulatory authority over the creation of subdivisions as circumscribed by the Subdivision Map Act. (See 66 Ops.Cal.Atty.Gen. 120, 124-125 (1983).)

In answer to the question presented, therefore, we conclude that a city or county, as a condition of regulating and approving the creation of a subdivision, may not lawfully require the dedication of land improved for park and recreational purposes without credit being given to the subdivider for the value of the recreational improvements.

\* \* \* \* \*

---

[4] The regulation of divisions of land is of statewide concern and not a "municipal affair," and thus all cities and counties must conform their ordinances to the governing provisions of the Subdivision Map Act. (See *Hirsch* v. *City of Mountain View* (1976) 64 Cal.App.3d 425, 431; 71 Ops.Cal.Atty.Gen. 326, 327-328 (1988).)